Mr. David G. Conn Attorney for St. Johns County 100 Southpark Boulevard Suite 308 St. Augustine, Florida 32086-5118
Dear Mr. Conn:
You have asked on behalf of St. Johns County substantially the following question:
Must notice of intent to adopt a resolution which generally revises the Ponte Vedra Zoning Regulations be published pursuant to Ch. 65-2171, Laws of Florida, or mailed pursuant to s.125.66(5), F.S.?
In sum, I am of the following opinion:
A proposed resolution generally revising the Ponte Vedra Zoning Regulations is considered rezoning which, if affecting less than five percent of the total land area of the county, must be noticed by mail pursuant to s. 125.66(5)(a), F.S.
The Ponte Vedra Zoning District (district) was established by Ch. 65-2171, Laws of Florida, which, in part, authorizes the board of county commissioners to regulate and restrict the size of buildings, the use of buildings and land, and to adopt a building code within the district. In doing so, the county commission must provide for the manner in which regulations and restrictions are established and amended.[1] Section 4, Ch. 65-2171, Laws of Florida, provides, however, that no regulation, or amendment thereto, shall be effective until after a public hearing, the time and place of which is noticed by publication in a newspaper of general circulation in the county at least fifteen days prior to such hearing.
Thus, pursuant to the special act passed in 1965, the county commission is required to publish notice of a proposed amendment to the zoning regulations, regardless of the amount of land affected within the county. You state that the land area within the district is less than five percent of the total land in the county.
As one result of the 1968 revision of the Florida Constitution, the governing powers of non-charter counties were prescribed in s. 1(f), Art. VIII, State Const., as follows:
NON-CHARTER GOVERNMENT. Counties not operating under county charters shall have such power of selfgovernment as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law, but an ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict. (e.s.)
Pursuant to s. 1(f), Art. VIII, State Const., non-charter counties are delegated powers of self-government as provided by general or special law. The authority of commissioners in non-charter counties to enact ordinances, however, is limited to proceeding "in a manner prescribed by general law."
Section 125.66(1), F.S., states, "[i]n exercising the ordinance-making powers conferred by s. 1, Art. VIII of the State Constitution, counties shall adhere to the procedures prescribed herein." (e.s.) Pertinent to the zoning of land, s. 125.66(5), F.S., provides:
Ordinances or resolutions, initiated by the board of county commissioners or its designee, which rezone private real property shall be enacted pursuant to the following procedure:
(a) In cases in which the proposed rezoning involves less than 5 percent of the total land area of the county, the board of county commissioners shall direct its clerk to notify by mail each real property owner whose land the governmental agency will rezone by enactment of the ordinance or resolution and whose address is known by reference to the latest ad valorem tax records. The notice shall state the substance of the proposed ordinance or resolution as it affects that property owner and shall set a time and place for one or more public hearings on such ordinance or resolution. Such notice shall be given at least 30 days prior to the date set for the public hearing, and a copy of such notice shall be kept available for public inspection during the regular business hours of the office of the board of county commissioners. The board of county commissioners shall hold a public hearing on the proposed ordinance or resolution and may, upon the conclusion of the hearing, immediately adopt the ordinance or resolution.
Thus, in Ch. 125, F.S., the Legislature has clarified the county home rule powers created in s. 1, Art. VIII, State Const. More specifically, the Legislature has provided procedures for counties to use when enacting ordinances which rezone private real property.[2]
While generally, a special act will prevail over a conflicting general law,[3] a general statute covering an entire subject, and designed to embrace all regulation of the subject, may supersede a former act covering only a portion of the subject.[4] In light of the overall revision of the area of non-charter county government powers brought about by s. 1, Art. VIII, State Const., it would appear that the notice provisions regarding the passage of an ordinance or resolution rezoning land prescribed in s. 125.66(5), F.S., would prevail over that prescribed in Ch. 65-2171, Laws of Florida.
In the present situation, the board of county commissioners wishes to generally revise the provisions of the Ponte Vedra Zoning regulations. This office, in AGO 80-104, concluded that any amendment to the substantive provisions or general text of a zoning ordinance which has the effect of changing or altering existing uses or restrictions or existing regulation of land or permissible activities thereon is a type of rezoning. Thus, to the extent the general revision does affect the existing regulation of land or permissible activities thereon, such rezoning would be subject to the notice provisions in s. 125.66(5), F.S.
Accordingly, to the extent the board of county commissioners intends to revise the district zoning regulations so as to affect less than five percent of the total land in the county, notice of intent to enact such an ordinance or resolution must be mailed to affected property owners as prescribed in s. 125.66(5), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 4, Ch. 65-2171, Laws of Florida.
[2] See, Ch. 76-155, Laws of Florida, the title of which indicates the legislative intent to provide procedures for municipalities and counties to use when enacting ordinances which rezone private real property. Cf., s. 166.041(6), F.S., stating that the procedure set forth therein shall constitute a uniform method for the adoption and enactment of municipal ordinances and resolutions, to be cumulative to other methods provided by law for the adoption and enactment of such ordinances and resolutions.
[3] See, Rowe v. Pinellas Sports Authority, 461 So.2d 72 (Fla. 1984).